**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| TIGO ENERGY INNOVATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOLAREDGE TECHNOLOGIES, INC. and SOLAREDGE MANUFACTURING INC.,<br><br>Defendants. | Civil Action No. 7:26-cv-00329<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS SOLAREDGE TECHNOLOGIES, INC. AND SOLAREDGE MANUFACTURING INC.'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF THEIR VENUE MOTIONS**

## TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. STATEMENT OF FACTS ..........................................................................................1

III. LEGAL STANDARD....................................................................................................2

IV. ARGUMENT ...............................................................................................................2

V. CONCLUSION..............................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)....................2

*CloudofChange, LLC v. Clover Network, Inc.*,
No. 6:22-cv-00634-ADA-DTG, ECF No. 90 (W.D. Tex. May 17, 2023)....................2

*In re Netflix, Inc.*,
No. 2021-190, 2021 WL 4944826 (Fed. Cir. Oct. 25, 2021)....................3

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
581 U.S. 258 (2017)....................3

*Tigo Energy Innovations LLC v. Enphase Energy, Inc.*,
No. 7:26-cv-00328, ECF No. 25 (W.D. Tex.)....................1, 2, 3

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....................3

*Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*,
No. 1:17-cv-342, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)....................2

**Federal Statutes**

28 U.S.C. § 1400(b)....................1, 3

28 U.S.C. § 1404(a)....................1, 2

**Rules**

Fed. R. Civ. P. 12(b)(3)....................1, 2

## I. INTRODUCTION

Defendants SolarEdge Technologies, Inc. ("SETI") and SolarEdge Manufacturing Inc. ("SEMI") (together, the "SolarEdge Defendants") respectfully move to stay all proceedings unrelated to venue pending resolution of their concurrently filed Motion to Dismiss for Improper Venue under Rule 12(b)(3) or, in the Alternative, to Transfer and Motion to Transfer Venue under 28 U.S.C. § 1404(a) (together, the "Venue Motions"). Venue discovery and briefing would proceed under the Court's Standing Order Governing Patent Proceedings. This is the same relief that defendant Enphase Energy, Inc. requested in the companion case Plaintiff Tigo Energy Innovations LLC ("Tigo") filed the same day. *Tigo Energy Innovations LLC v. Enphase Energy, Inc.*, No. 7:26-cv-00328, ECF No. 25 (W.D. Tex.) ("Enphase Motion").

A stay is further appropriate here for two reasons. First, the SolarEdge Defendants challenge whether venue is *proper* under Section 1400(b), a threshold issue that must be resolved before the merits. Second, the two cases overlap: half of the patents asserted here are also asserted against Enphase, so both cases should stay on the same track while the Court resolves venue.

## II. STATEMENT OF FACTS

On August 19, 2026, Tigo filed two patent infringement suits: this case against the SolarEdge Defendants and a companion case against Enphase. Both complaints assert patents that "originated with Tigo Energy, Inc." and both target module-level rapid shutdown, power-line communication, and related photovoltaic control technology. Compl. ¶¶ 2–3, 9–11; *Enphase*, ECF No. 1 ¶¶ 2–3. Tigo asserts eight patents here: U.S. Patent Nos. 8,274,172; 8,860,241; 8,933,321; 9,813,021; 10,135,385; 10,256,770; 10,686,403; and 11,228,278. Compl. ¶ 2. It asserts ten against Enphase, four of which—the '172, '241, '385, and '770 patents—are also asserted here, and for each of those four Tigo asserts the identical claim in both cases. *Enphase*, ECF No. 1 ¶¶ 2, 154, 180, 248, 263; Compl. ¶¶ 151, 163, 202, 215.

Enphase has moved to transfer its case to the Northern District of California under Section 1404(a) and to stay pending that ruling. *Enphase*, ECF Nos. 12, 25. The SolarEdge Defendants have moved to dismiss under Rule 12(b)(3) for improper venue and, alternatively, to transfer to the Northern District of California. As explained there, both SolarEdge Defendants are Delaware corporations that Tigo alleges are headquartered in Milpitas, California, Compl. ¶¶ 118–19, and Tigo's venue theory rests on an Austin facility owned and operated by non-party, which is neither SETI's or SEMI's place of business nor a site where an alleged act of infringement occurs.

This case is at its outset. The SolarEdge Defendants just filed their motions, no discovery has occurred, and the Court has set no case schedule, claim construction schedule, or trial date.

## III. LEGAL STANDARD

Courts in this District assess the prejudice to the parties in the event a stay is granted or denied and judicial resources saved. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). Timely venue motions receive "top priority" before substantive proceedings, and courts may stay other matters until venue is resolved. *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020); *CloudofChange, LLC v. Clover Network, Inc.*, No. 6:22-cv-00634-ADA-DTG, ECF No. 90, at 1 (W.D. Tex. May 17, 2023).

## IV. ARGUMENT

A stay is warranted here for the same reasons raised in the Enphase Motion. While the SolarEdge Defendants recognize that this Court's Order Governing Proceedings addresses venue, a stay of the *Markman* and contentions process is appropriate here. It would make little sense to stay the *Enphase* case while this case proceeds. Both cases were filed the same day, assert patents from the same Tigo Energy, Inc. portfolio, and accuse similar products. Half of the patents asserted here (four of eight) are also asserted against Enphase. A stay keeps the cases on parallel tracks.

The SolarEdge Defendants' Rule 12(b)(3) motion makes a stay even more appropriate.

Enphase seeks a transfer for convenience. The SolarEdge Defendants also raise a threshold statutory defect. Under Section 1400(b) and *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 262 (2017), Tigo must show that each defendant committed acts of infringement here and has a regular and established place of business here. Tigo cannot make that showing, as laid out in the SolarEdge Defendants' Motion to Dismiss for Improper Venue. The rationale for giving venue "top priority" applies with even greater force when the question is whether the case may proceed here at all. It makes little sense to force the parties to litigate eight patents and multiple product lines—here, allegedly power optimizers and inverters—in a court that may never hear the merits. *See In re Netflix, Inc.*, No. 21-190, 2021 WL 4944826, at *1–2 (Fed. Cir. Oct. 25, 2021).

A stay will not unduly prejudice Tigo for the same reasons set out in the Enphase Motion. Enphase Motion at 5–6. The case is in its earliest stage, with no schedule set and no contentions practice having taken place. Tigo identifies no product of its own that competes with the Accused Products; it describes itself as the entity that acquired and now enforces patents from Tigo Energy, Inc. Compl. ¶¶ 2–5. Tigo has not sought a preliminary injunction, and any delay would postpone, not diminish, any monetary recovery. *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Finally, a stay here simply puts this case on the same footing as its companion case, so Tigo cannot claim prejudice from parallel treatment of its two parallel suits.

## V. CONCLUSION

For the foregoing reasons, the SolarEdge Defendants respectfully request that the Court stay all case deadlines and proceedings, aside from venue discovery and briefing under Section III of the Standing Order, pending resolution of the Venue Motions. A proposed order is attached herewith.

Dated: October 26, 2026 Respectfully submitted,

/s/ Christian J. Hurt
Christian J. Hurt (TX Bar No. 24059987)
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Saint Ann Court
2501 N. Harwood Street, 12th Floor
Dallas, Texas 75201
Tel: (945) 788-4669
Fax: (202) 408-4400
Email: christian.hurt@finnegan.com

Gerson S. Panitch (pro hac vice pending)
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
6 Maskit Street (Floor 1)
Herzliya, Israel 46733004
Tel: (202) 408-4080
Fax: (202) 408-4400
Email: gerson.panitch@finnegan.com

Michael V. Young, Sr. (pro hac vice pending)
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
1875 Explorer Street, 8th Floor
Reston, VA 20190-6023
Tel: (571) 203-2788
Fax: (202) 202-408-4400
Email: michael.young@finnegan.com

Attorneys for Defendants SolarEdge Technologies, Inc. and SolarEdge Manufacturing Inc.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for the SolarEdge Defendants conferred with counsel for Tigo on October 26, 2026 regarding the relief requested in this motion. Tigo's counsel stated that Tigo opposes the motion. The motion is therefore filed as opposed.

/s/ Christian J. Hurt

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, the foregoing document was filed electronically through the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Christian J. Hurt