**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| TIGO ENERGY INNOVATIONS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SOLAREDGE TECHNOLOGIES, INC. and SOLAREDGE MANUFACTURING INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:26-cv-00329-DC-DTG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TIGO ENERGY INNOVATIONS LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING TRANSFER**

Plaintiff Tigo Energy Innovations LLC ("Tigo") opposes Defendants SolarEdge Technologies, Inc. ("SETI") and SolarEdge Manufacturing Inc.'s ("SEMI") (collectively, "SolarEdge" or "Defendants") Motion to Stay Pending Transfer (Dkt. 17) ("Motion to Stay"), which seeks to suspend all non-venue proceedings pending resolution of SolarEdge's Motion to Dismiss for Improper Venue or in the Alternative to Transfer (Dkt. 14) ("Motion to Dismiss") and Motion to Transfer Venue (Dkt. 16) ("Motion to Transfer"). For the reasons discussed below, Tigo requests denial of the Motion to Stay.

**INTRODUCTION**

SolarEdge relies heavily on Enphase's Energy, Inc.'s ("Enphase") arguments for a stay in a companion case, asserting that a stay is appropriate in this case for two additional reasons. (Motion to Transfer at 1; *Tigo Energy Innovations LLC v. Enphase Energy, Inc.*, No. 7:26-cv-00328, ECF No. 25 (W.D. Tex.) ("Enphase Motion").) The reliance on the Enphase motion nor the additional reasons justify a stay.

Standard venue disputes—like the one in Enphase and here—are covered by the Court's

Standing Order and do not justify a stay. SolarEdge's additional assertion that venue is improper (rather than just inconvenient) provides no additional ground for a stay. Moreover, SolarEdge's argument regarding patent overlap presupposes that Enphase's motion for a stay will be granted. Once that motion is denied, then the Court should likewise deny SolarEdge's Motion to Stay. Denial of is the stay requests is the proper way to ensure that "both cases . . . stay on the same track while the Court resolves venue." (Motion to Stay at 1.)

## BACKGROUND

Tigo filed this action on August 19, 2026, asserting eight patents relating to photovoltaic systems, including module-level control and shutdown, communications, authentication, and auxiliary power circuitry. (Dkt. 1 ¶¶ 2, 6–10.) The Complaint identifies S-Series Optimizers, P-Series Optimizers, U-Series Optimizers, Home Hub Inverters, Home Wave Inverters, and Nexis Inverters as accused products. (*Id.* ¶¶ 11, 67, 71.) Tigo's infringement allegations extend beyond original product design to the manufacture, testing, demonstration, commissioning, and operation of accused products and photovoltaic systems. (*See, e.g., id.* ¶¶ 119-130, 146, 152, 166-167, 179-180.)

SolarEdge has manufactured hundreds of thousands of infringing products at a facility in Austin, Texas. (Dkt. 1 ¶ 122.) SolarEdge's Motion to Stay describes this location as "an Austin facility owned and operated by non-party" – without mentioning that approximately 20 SolarEdge employees work on-site from that location. (Motion to Transfer at 4.) Indeed, SolarEdge has listed job postings for on-site positions in Austin. (Dkt. 1 ¶¶ 127-128.) Moreover, SolarEdge refers to the Austin facility as "***our*** Austin, Texas manufacturing facility," claims to have created more than a thousand jobs in Austin, and has stated in its SEC filings that "***we*** are manufacturing single phase inverters in Texas." (*Id.* ¶¶ 124-25.) SolarEdge also conducts business in the Western District of

Texas through various third parties, including solar installers. (*Id.* at ¶¶ 133-134.)

SolarEdge received a 45-day extension to respond to the Complaint by October 26, 2026. (Dkt. 10.) SolarEdge then filed its Motion to Dismiss, Motion to Transfer, and Motion to Stay on October 26, 2026. (Dkts. 14, 16, 17.) Tigo invoked venue discovery on October 28, 2026, which is presently scheduled to conclude on January 4, 2027. (Dkts. 18-19.) Because the Standing Order already restricts ordinary merits discovery before claim construction, subject to specified exceptions, the question is not whether substantial merits adjudication should precede resolution of transfer, but whether SolarEdge has justified suspending all other preliminary proceedings while the parties develop the venue record. It has not.

## LEGAL STANDARD

The decision whether to stay proceedings rests within the Court's discretion, which must be exercised by weighing the parties' competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Courts in this District consider three factors: (1) the potential prejudice to the nonmoving party; (2) the hardship and inequity to the moving party absent a stay; and (3) the judicial resources conserved by granting a stay. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-cv-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). Where a stay presents a fair possibility of injury to another party, the movant must establish a clear case of hardship or inequity. *Landis*, 299 U.S. at 255; *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984).

Separately, a timely motion to transfer under 28 U.S.C. § 1404(a) must receive "top priority" before substantive proceedings overtake the transfer decision. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020). But transfer priority does not require that every preliminary, non-venue proceeding be suspended. Indeed, in vacating a schedule that would have delayed transfer resolution through extensive merits

proceedings, the Federal Circuit expressly reserved whether, and to what extent, merits discovery may proceed during venue discovery. *In re Apple Inc.*, 52 F.4th 1360, 1363 (Fed. Cir. 2022).

## ARGUMENT

A stay is inappropriate for the reasons articulated in Tigo's Opposition to Enphase Energy, Inc.'s motion to stay in the above-referenced companion case and incorporated here by reference. *Tigo Energy Innovations LLC v. Enphase Energy, Inc.*, No. 7:26-cv-00328, Dkt. 27 (W.D. Tex.). SolarEdge's Motion to Dismiss for improper venue is entitled to no greater "priority" than the Enphase Transfer Motion. Nor does overlap in the patents asserted across the two cases support a stay in this case.

### A. SolarEdge's Motion to Dismiss Does Not Affect the Transfer Analysis

SolarEdge's Motion to Dismiss is entitled to, at best, the same priority as the Enphase Motion (or SolarEdge's Motion to Transfer). SolarEdge cites no authority for its assertion that "[t]he rationale for giving venue 'top priority' [to a motion to transfer] applies with even greater force when the question is whether the case may proceed here at all." This is unsurprising, given that the Federal Circuit recently indicated that motions to dismiss for improper venue should be treated the same as motions to transfer. In *AML IP v. Bath & Body Works Direct*, the appellant relied on a category of cases that "admonishes district courts to give venue motions 'top priority,'" as opposed to letting such motions languish while having the parties conduct extensive merits litigation in the meantime." 2026 U.S. App. LEXIS 26317, *7 (Fed. Cir. 2026).

> This admonition often appears in the context of motions to transfer under 28 U.S.C. § 1404(a). Unlike a Rule 12(b)(3) motion, which challenges the current venue as improper, a § 1404(a) motion seeks transfer because a different venue is more convenient. We see no reason why the same admonition would not apply to a Rule 12(b)(3) motion, given that such a motion (1) rests on the current venue being legally improper (as opposed to just relatively inconvenient); and (2) will, if granted, result in either dismissal or transfer (via § 1406(a)). That said, we need not decide here whether it applies to a

> Rule 12(b)(3) motion; instead, we will simply assume that it does, for purposes of addressing AML's arguments.

*Id.*, n. 4. The Federal Circuit did not apply the standard with "greater force" it simply applied the same standard to a 12(b)(3) motion as a transfer motion. SolarEdge's assertion that its Motion to Dismiss somehow gives its Motion to Stay greater weight is incorrect.

SolarEdge's cited case law cuts against a stay pending venue discovery. SolarEdge cites *In re Netflix, Inc.*, No. 21-190, 2021 WL 4944826, at *1–2 (Fed. Cir. Oct. 25, 2021) to argue that the parties should not be forced to litigate in a court that may never hear the merits. In *In re Netflix*, the defendant filed a writ of mandamus seeking to stay all proceedings pending resolution of its motion to dismiss or transfer. *Id.* at *2. The Federal Circuit noted that "[a] stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice[,]" ultimately denying the defendant's petition because a magistrate judge's report and recommendation *denied* the venue motion and noting that "the district court [was] proceeding toward the quick resolution of [the] motion." *Id.* at *4.

Here, there is no indication that the Court cannot decide SolarEdge's venue motions "quickly enough to avoid burdening the moving party with unnecessary expense and prejudice." The Court's Standing Order already stays ordinary discovery until after *Markman*, except for venue, jurisdictional, and claim-construction-related discovery. (Standing Order § II.) Even to the extent SolarEdge is required to engage in discovery while its venue motions are pending, it will not be prejudiced because claim construction discovery will be necessary regardless of the forum in which this case is litigated. *See Morales v. Next Stop 2006, Inc.*, 2022 U.S. Dist. LEXIS 196021, *4 (S.D.N.Y. 2022) ("[M]uch of Plaintiffs' action will proceed whether the case is transferred . . .or not. In light of the fact that some discovery is inevitable, 'there is no prejudice to Defendants

in proceeding with discovery.'"). This is true even to the extent that SolarEdge prevails on its 12(b)(3) motion. *See Eng'g & Insp. Servs., LLC v. New Rise Renewables*, 2024 U.S. Dist. LEXIS 121705, *6 (E.D. La. 2024) ("In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation.") (internal quotations omitted).

### B. Patent Overlap with a Companion Case Does Not Support a Stay

SolarEdge's assertion that "[i]t would make little sense to stay the Enphase case while this case proceeds" assumes a stay would be appropriate in that case. "[A] stay . . . puts this case on the same footing as its companion case" (Motion to Stay at 3) only if the Enphase Motion is granted. The Enphase Motion should be denied, and then SolarEdge's argument cuts *against* a stay in this case because denying this stay would be the only way to keep the cases on the same track. SolarEdge's presupposition about the outcome of a motion in a related case cannot serve as a ground to stay discovery in this one.

### C. A Stay Would Prejudice Tigo

SolarEdge contends that Tigo does not sell competing products, has not sought a preliminary injunction, and chiefly seeks monetary relief. (Motion to Stay at 3.) Those circumstances may reduce a claim of immediate market injury, but they do not eliminate a patent owner's interest in timely enforcement. *Wapp Tech Ltd. P'ship v. Apple Inc.*, No. 4:25-cv-00230, Dkt. 168 at 16–18 (E.D. Tex. May 1, 2026) (rejecting the contention that non-practicing status or failure to seek a preliminary injunction necessarily forecloses prejudice from a stay). This prejudice weighs against an across-the-board stay of undetermined length where the Court could adequately protect transfer priority by timely action on the transfer motion.

## CONCLUSION

This Court should not stay proceedings for SolarEdge's routine motions, especially when

SolarEdge's Texas connections are extensively pleaded and more are likely to be revealed during venue discovery. No stay should issue here. Tigo respectfully requests that the Court deny the Motion to Stay, or alternatively, tailor any specific relief to specific deadlines (*e.g.*, deciding the Motion to Dismiss and Motion to Transfer before any *Markman* hearing) rather than stay this action in its entirety.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Case Collard*

Case Collard (admitted)
State Bar No. 40692
collard.case@dorsey.com
**DORSEY & WHITNEY LLP**
1400 Wewatta Street, Suite 400
Denver, CO 80202
(303) 629-3400(main)
(303) 629-3450(facsimile)

Mark D. Siegmund
Texas Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com

**ATTORNEYS FOR PLAINTIFF TIGO ENERGY INNOVATIONS LLC**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system on this 2nd day of November 2026.

*/s/ Stacy Starr*
Dorsey & Whitney LLP